IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-527-JFH |
| KEVIN LYNN GREER, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is the Motion in Limine ("Motion") filed by Defendant Kevin Lynn Greer ("Defendant"). Dkt. No. 35. For the reasons set forth below, the Motion is granted in part, denied in part and taken under advisement in part.

## BACKGROUND

In December 2020, the Federal Bureau of Investigation ("FBI") began investigating a 27-year-old man, by the name of Alexander Sweet ("Sweet"), based on a tip that he was in an intimate relationship with 16-year-old girl ("Victim 1") and that he possessed child pornography. Dkt. No. 36-1 at 7. Based on evidence obtained in the course of the investigation, agents suspected that Defendant was closely associated with Sweet, that Sweet and Defendant had shared child pornography with one another, and that Defendant illegally possessed firearms and drugs. *Id.* at 12-18.

Agents believed that Defendant was occupying two adjacent buildings located at 520 W. Broadway St. and 530 W. Broadway St. in Collinsville, Oklahoma; one as a residence and the other as a business. *Id.* at 13, 16-18. The FBI sought and obtained search warrants for both addresses. *Id.* at 18-19. The warrants authorized FBI agents to search for evidence that Defendant: (1) received child pornography; (2) possessed child pornography; (3) possessed a firearm (as a

convicted felon); or (4) possessed a controlled substance with the intent to distribute it.  No. 3 at 3.  The search warrants were executed on November 10, 2021, and FBI agents recovered seven firearms, approximately 572 rounds of ammunition, and approximately 4 kilograms of marijuana packaged in 41 plastic bags.  *Id.* at 3-4.  And in a post-*Miranda* interview, Defendant admitted to having previously been convicted of felony charges and to having a significant amount of marijuana and multiple firearms in his residence.  *Id.* at 4.  During the search, agents also seized a number of hard drives, on which they discovered a "great deal of pornography."  Dkt. No. 35 at 2.

On December 6, 2021, the Government filed an Indictment, charging Defendant with:  (1) Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2); (2) Possession of Marijuana with Intent to Distribute, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(d); and (3) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §924(c)(1)(A)(i).  Dkt. No. 17.  On February 23, 2022, the Government filed a Superseding Indictment, adding charges for:  (1) Receipt of Child Pornography in Indian Country, in violation of 18 U.S.C. 2252(a) and 2252(b)(1); and (2) Possession of Child Pornography in Indian Country, in violation of 18 U.S.C. 2252(a)(4) and 2252(b)(2).  Dkt. No. 46.

In the Motion, Defendant argues that certain evidence is irrelevant and unfairly prejudicial, including:  (1) he is friends with Sweet; (2) he viewed and/or collected legal pornography; and (3) he may have committed other crimes.  Dkt. No. 35 at 2-4.

## AUTHORITY

The threshold issue in determining the admissibility of evidence is relevance.  Under the Federal Rules of Evidence, all evidence that is relevant is admissible—unless another law or rule excludes the evidence—and any evidence that is not relevant is not admissible.  *See* Fed.R.Evid. 402. The standard for relevance is liberal.  *See United States v. Leonard*, 439 F.3d 648, 651 (10th

Cir. 2006). To be relevant, evidence need only have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see United States v. Leonard*, 439 F.3d at 651. A fact is "of consequence when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict," but it only need to have any tendency" to do so. *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007). Although the threshold burden is low, the rules do not sanction the "carte blanche admission" of any evidence. *Jordan*, 485 F.3d at 1218. "The trial judge is the gatekeeper under the Rules of Evidence." *Id.*

Under Rule 403 of the Federal Rules of Evidence, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice. *See United States v. Record*, 873 F.2d 1363, 1375 (10th Cir. 1989). "[E]xclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." *United States v. Smalls*, 605 F.3d 765, 787 (10th Cir. 2010). The decision to admit or exclude evidence pursuant to rule 403 is within the trial court's discretion. *See United States v. Lugo*, 170 F.3d 996, 1005 (10th Cir. 1999); *see United States v. Abel*, 469 U.S. 45, 54 (1984)("Assessing the probative value of [proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403").

Evidence may be unfairly prejudicial if it would likely provoke an emotional response from the jury or would otherwise tend to adversely affect the jury's attitude toward a particular matter. *See United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999). Evidence is not unfairly prejudicial merely because it damages a party's case. Rather, "[t]o be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (quoting Fed. R. Evid. 403 advisory committee note). "The term unfair prejudice, as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (internal quotation marks and citation omitted). "Such improper grounds certainly include . . . generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged." *Id.* at 180-81.

Indeed, under Rule 404(b), "[e]vidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* There are four factors to assess admissibility under 404(b): (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) whether the probative value of the evidence is substantially outweighed by the prejudicial effect, and (4) the availability of a limiting instruction. *Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

## ANALYSIS

In the instant Motion, Defendant seeks to exclude three categories of evidence: (1) evidence regarding his friendship with Sweet; (2) evidence that he viewed and/or collected legal pornography; and (3) evidence that he may have crimes other than those charged. Dkt. No. 35 at 2-4. As a preliminary matter, the Court notes that this Motion was filed prior to the filing of the Superseding Indictment. Dkt. No. 35; Dkt. No. 46. Consequently, the parties' respective arguments and the Court's rulings in this Order pertain to the admissibility of the challenged evidence with regard to the firearm and drug offenses charged in the original Indictment. That conduct now constitutes part of the charged conduct against Greer.

### A. Evidence of Defendant's Association with Sweet

Defendant argues that his friendship with Sweet is not relevant because it does not "make any fact at issue any more or less likely." *Id.* at 3. The Government argues that evidence that Defendant and Sweet were associates is admissible under Rule 403, as it goes to Defendant's knowledge and intent to possess and distribute marijuana. Dkt. No. 40 at 4. The Government indicates that it intends to introduce testimony by Victim 1 regarding how she came to be at Defendant's property and what she did there to show that Defendant "trusted Sweet enough to allow him to bring people around the marijuana being grown and packaged." *Id.* The Government asserts that evidence regarding the relationship between Defendant and Sweet establishes a basis for Victim 1's testimony, which "directly implicates [Defendant] in the possession, growing, and maintenance of marijuana." *Id.* The Court agrees that evidence of Defendant's association with

Sweet is relevant to whether Defendant possessed marijuana with the requisite knowledge and intent.[1]

Defendant also argues that evidence of his friendship with Sweet is inadmissible because it is unfairly prejudicial. Dkt. No. 35 at 4. Defendant describes Sweet as "a twenty-eight-year-old man who likes to date sixteen-year-old females" and "use[s] social media to antagonize that part of the public who would disapprove of such behavior." Dkt. No. 35 at 2. According to Defendant, Sweet is a "polarizing" local figure who apparently has Facebook groups dedicated to disliking him. *Id.* Defendant argues that evidence of his friendship with Sweet will create an emotional response in the jury, increasing the likelihood that the jury will want to punish him based on how they perceive him as a person, rather than the evidence before it in this case. *Id.* at 4. However, Defendant has not argued or presented evidence that Sweet's notoriety is so widespread as to have tainted the opinions of all prospective jurors in this case. As the Government points out, potential prejudice due to juror familiarity with Sweet and his proclivities can be explored during voir dire. Dkt. No. 40 at 4. At this stage, the potential for prejudice due to evidence of Defendant's association with Sweet is largely speculative and does not outweigh the probative value of such evidence. The Motion is DENIED as to this issue.

B. **Evidence that Defendant Viewed/Collected Legal Pornography**

Defendant argues that evidence that he viewed and/or collected legal pornography is not relevant to the conduct charged in the original Indictment. Dkt. No. 35 at 3-4. In response, the Government conceded that such evidence was not relevant to the conduct charged in the original

---

[1] Defendant has filed a second Motion in Limine, raising issues as to the admissibility of certain evidence with regard to the child pornography charges added in the Superseding Indictment. Dkt. No. 56. The Court will address those issues in a separate Order.

Indictment.[2] Dkt. No. 40 at 5. However, the Government explained that the FBI had recovered an "unfathomable" amount of pornography from Defendant's residence and noted that among the collection were some images that investigators believe to be child pornography. The Government argued that if the ongoing investigation resulted in the filing of a superseding indictment, evidence relative to Defendant's "prolific" pornography collection would become relevant. *Id.* at 5.

As previously noted, the Government did file a Superseding Indictment charging Defendant with receipt and possession of child pornography charges. Dkt. No. 46. Because this issue was not addressed by either party in connection with the Superseding Indictment, the Court takes this issue UNDER ADVISEMENT. To the extent the parties wish to submit additional briefing on this limited issue, they may do so by May 16, 2022.

### C. Evidence of Uncharged Conduct

Finally, Defendant argues that evidence that he may have committed other crimes, for which he has not been charged, is irrelevant to the crimes with which he is charged in this case. Dkt. No. 35 at 3, 5. The Government concedes that such evidence is not relevant and indicates that it does not intend to introduce such evidence at trial. Therefore, the Court GRANTS the Motion as to this issue.

---

[2] The Court notes that Defendant's Motion did not contain a statement as to whether the Motion, was opposed, as required by Local Criminal Rule 47-4. *See* LCrR 47-4 ("A motion must state on the first page whether or not it is opposed. If opposed, the motion must recite whether concurrence was refused or explain why concurrence could not be obtained. A motion that fails to recite concurrence of each party may be summarily denied."). The purpose of this Rule is to advance judicial economy by requiring the parties to confer and identify undisputed issues *before* briefing them and presenting them to the Court. Going forward, the Court will strike sua sponte any motion that does not comply with Local Criminal Rule 47-4.

IT IS THEREFORE ORDERED that the Motion in Limine [Dkt. No. 35] filed by Defendant is DENIED IN PART, GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART as set forth herein.

Dated this 9th day of May 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE